741 F.2d 102
 6 Soc.Sec.Rep.Ser. 191, Medicare&Medicaid Gu 34,087
Nancy CRIPPEN, individually and on behalf of all others
similarly situated, Plaintiffs-Appellants,
v.
Noble P. KHEDER, individually and in his capacity as
Director of the Michigan Department of Social
Services, Defendant-Appellee.
 No. 82-1810.
 United States Court of Appeals,
Sixth Circuit.
 Argued Nov. 28, 1983.
Decided Aug. 15, 1984.
 
 Nicholas E. Orlyk, Michigan Protection and Advocacy Service, Dolores M. Coulter (argued), Lansing, Mich., for plaintiffs-appellants.
 Frank J. Kelley, Atty. Gen. of Mich., Lansing, Mich., Erica Weiss Marsden, Louis J. Caruso, Dept. of Atty. Gen., William Basinger (argued), Lansing, Mich., for defendant-appellee.
 Before LIVELY, Chief Judge, and EDWARDS and JONES, Circuit Judges.
 NATHANIEL R. JONES, Circuit Judge.
 
 
 1
 This case is before the Court on the plaintiffs' appeal from the district court's order granting summary judgment for the defendant in this civil action under 42 U.S.C. Sec. 1983 challenging the defendant's medicaid policy and practices as violative of federal constitutional and statutory law.
 
 
 2
 Medicaid is a program established by Title XIX of the Social Security Act, 42 U.S.C. Sec. 1396, et seq., to furnish medical assistance, rehabilitation and other services to families and individuals whose income and resources are insufficient to pay for necessary medical services. 42 U.S.C. Sec. 1396. The program is jointly funded by the federal government and the participating state, and is administered by a designated state agency, in this case, the Michigan Department of Social Services (hereinafter "the Department").
 
 
 3
 Persons eligible for participation in the medicaid program fall into two classes. The "categorically needy" are those individuals or families who are eligible for medicaid because they are eligible for Aid to Families with Dependent Children ("AFDC") or Supplemental Security Income ("SSI") benefits. 42 C.F.R. Sec. 435.4 (1983). Also included within this class are individuals who are excluded from AFDC or SSI because of an eligibility requirement that does not apply to medicaid. 42 C.F.R. Sec. 435.122. The "medically needy" are those individuals not receiving AFDC or SSI, but whose income and resources, in comparison to their medical expenses, are within the limits established by the Department of Health and Human Services (hereinafter "HHS"). Id. Coverage of this latter class of persons is optional for a state which participates in the program. 42 U.S.C. Sec. 1396a(a)(10)(C). Michigan has opted to provide coverage for this class. Pursuant to agreement between Michigan and the Secretary of HHS, the Secretary determines medicaid eligibility for those persons receiving SSI and AFDC, and provides Michigan with the information in those applications which is relevant to medicaid eligibility.
 
 
 4
 Plaintiff, Nancy Crippen, is a 43 year old, mentally retarded individual with a convulsive disorder. She has received Social Security disability benefits since childhood, and, until April of 1981, she was also receiving SSI benefits because she resided in an Adult Foster Care (hereinafter "AFC") facility licensed under Michigan law to provide a supervised living environment and personal care services for disabled adults. Crippen's receipt of SSI benefits automatically qualified her for the medicaid program as a categorically needy person.
 
 
 5
 In early 1981, the Department revoked the AFC license for the home in which Crippen resides, thus rendering her ineligible for SSI benefits. Not surprisingly the Department later received notice from the federal government that Crippen's SSI benefits would be terminated. On April 6, 1981, the Department notified Crippen via written notice that her medicaid benefits would be terminated effective April 16, 1981, because her SSI benefits had been terminated. The notice informed Crippen that she could reapply for medicaid if she still needed it, and that if she requested a hearing prior to the effective date of termination, her benefits would continue at the same level until a hearing was held. Crippen did not request a hearing, but she did reapply for medicaid on May 13, 1981. Consequently, her medicaid benefits were terminated effective April 30, 1981.
 
 
 6
 On June 5, 1981, Crippen was found to be eligible for medicaid as a "medically needy" individual, and her coverage in the program was made retroactive to May 1, 1981. On May 4, 1981, plaintiff purchased from her own funds prescribed medications at a cost of $27.91, a cost which medicaid would have covered. Even though her eligibility was made retroactive to May 1, plaintiff could not be reimbursed for this money because Michigan law prohibits payment of medicaid funds directly to recipients.
 
 
 7
 Crippen filed this action in the district court as a class action under Rule 23(b)(2), Fed.R.Civ.P., seeking declaratory and injunctive relief against the Department's policy of automatically terminating individuals from medicaid solely upon receipt of information that SSI benefits have been terminated without making a prior determination of the individual's eligibility as a medically needy person. Crippen alleged that this policy violated the regulations promulgated under the Social Security Act and the Act itself, and that it deprived members of the class of due process and equal protection under the Fourteenth Amendment.
 
 
 8
 The district court granted Crippen's motion to certify the case as a class action and defined the class as
 
 
 9
 ... any and all persons who are treated by the state as presumptively ineligible for medicaid solely because their SSI has been terminated, regardless of whether such persons receive the due process notice and opportunity for hearing.
 
 
 10
 The district court then granted the Department's motion for summary judgment finding that the policy did not violate the Act, regulations, or the Fourteenth Amendment. This appeal ensued.
 
 
 11
 The standard of review on appeal from a summary judgment order is the same standard initially applied by the district court. Wright and Miller, Federal Practice and Procedure, Sec. 2716. Under that standard, summary judgment is appropriate only where "there is no genuine issue as to any material fact and ... the moving party is entitled to judgment as a matter of law." Rule 56, Fed.R.Civ.P. Accord U.S. v. 9.6 Acres of Land, 456 F.2d 1116 (6th Cir.1972). The appellate court must view the facts in a light most favorable to the non-moving party. Aetna Insurance Co. v. Loveland Gas & Electric Co., 369 F.2d 648 (6th Cir.1966).
 
 
 12
 As the parties concede, there is no specific regulation or section of the statute which covers this particular dispute. Each side argues, however, that the net effect of the regulations supports its viewpoint. Crippen points first to 42 C.F.R. Sec. 435.930(b) which requires defendant to
 
 
 13
 [c]ontinue to furnish medicaid regularly to all eligible individuals until they are found to be ineligible...
 
 
 14
 She also relies upon 42 C.F.R. Sec. 435.916(C) which provides:
 
 
 15
 (C) Agency action on information about changes.
 
 
 16
 (1) The agency must promptly redetermine eligibility when it receives information about changes in a recipient's circumstances that may affect his eligibility.
 
 
 17
 (2) If the agency has information about anticipated changes in a recipient's circumstances, it must redetermine eligibility at the appropriate time based on those changes.
 
 
 18
 Third, she relies upon 42 C.F.R. Sec. 435.1003(b) which requires the Department to take prompt action to determine eligibility once it has received notice from the Social Security Administration that SSI benefits have been discontinued. Crippen argues that these regulations preclude the Department from automatically terminating recipients from medicaid upon notification that SSI benefits have been discontinued, but require instead that the Department make a prompt ex parte determination whether they qualify as a "medically needy" individual before terminating them from medicaid. Crippen cites in support of her argument Stenson v. Blum, 476 F.Supp. 1331 (S.D.N.Y.1979), aff'd without opinion, 628 F.2d 1345 (2d Cir.), cert. denied, 449 U.S. 885, 101 S.Ct. 239, 66 L.Ed.2d 111 (1980), and Massachusetts Association of Older Americans v. Sharp, 700 F.2d 749 (1st Cir.1983).
 
 
 19
 In Stenson, supra, the plaintiff was eligible for medicaid benefits as a categorically needy person because of her receipt of SSI benefits. When her SSI benefits were discontinued by HEW, the state terminated her medicaid benefits without notice and without providing an opportunity for a hearing. The plaintiff sought classwide injunctive and declaratory relief to require the state to provide notice and an opportunity to be heard prior to termination of medicaid benefits, and an ex parte determination of eligibility for medicaid benefits independent of her eligibility for SSI benefits, before the termination of benefits. The court analyzed the same regulations relied upon in the case sub judice and held that they imposed an obligation upon the state to reconsider ex parte the plaintiff's eligibility for medicaid independent of her eligibility for SSI benefits upon notification of the termination of SSI benefits. Stenson, supra at 1339-40. Pending this determination, the state was required to continue furnishing medicaid benefits. Id.
 
 
 20
 In Massachusetts Association of Older Americans v. Sharp, supra, the plaintiffs were a subclass of families whose AFDC benefits were being terminated because of a change in the law which required that states include the income of stepparents in determining a stepchild's eligibility for AFDC. 42 U.S.C. Sec. 602(a)(31). Such income is specifically excluded from eligibility determinations for medicaid benefits. 42 U.S.C. Sec. 1396a(a)(17)(D). Nevertheless the state terminated medicaid benefits as well as AFDC benefits on this basis. Plaintiffs challenged this action, arguing that the regulations required the state agency to redetermine medicaid eligibility on other grounds before terminating benefits. In this case plaintiffs argued that they were still categorically needy because stepparent income was irrelevant for medicaid purposes. See 42 C.F.R. Sec. 113. The First Circuit cited Stenson, supra, with approval, and held that plaintiffs had made "an extremely strong showing of likelihood of success on their claim" that their medicaid benefits had been improperly terminated. Massachusetts Association of Older Americans v. Sharp, supra at 752-53.
 
 
 21
 The centerpiece of the Department's argument is 42 C.F.R. Sec. 435.907 which states that it must require a written application from individuals seeking medicaid. Since individuals receiving SSI may not be required to file a separate application for medicaid, 42 C.F.R. Sec. 435.909, the Department asserts that it must require an application from these individuals once their SSI benefits are terminated. This supposedly follows from 42 C.F.R. Sec. 435.135(a) which provides:(a) If an agency provides medicaid to aged, blind, or disabled individuals receiving SSI or optional state supplements, it must provide medicaid to individuals who--
 
 
 22
 (1) Are receiving OASDI;
 
 
 23
 (2) Were receiving SSI or optional state supplements but become ineligible for those payments because of OASDI cost-of-living increases paid under section 215(i) of the Act after April 1977; and
 
 
 24
 (3) Would still be eligible for SSI or optional state supplements if the amount of OASDI cost-of-living increases paid after April 1977 were deducted from income.
 
 
 25
 The Department argues that this regulation, which is inapplicable here, establishes the only situation in which automatic medicaid eligibility continues beyond the termination of SSI benefits. Thus once the department received notice that Crippen was no longer receiving SSI benefits, she was "found to be ineligible" for medicaid and her benefits could be properly terminated. Accordingly, it is argued that the requirement imposed by the regulation to redetermine eligibility upon receipt of information affecting eligibility is irrelevant, and that the requirement that benefits continue until a finding of ineligibility has been satisfied.
 
 
 26
 There are several flaws in the Department's argument. First and foremost is that an application for SSI serves as an application for medicaid as well. Dixon v. Quern, 537 F.Supp. 983, 988, (N.D.Ill.1982). Accord Massachusetts Association of Older Americans v. Sharp, supra at 752, n. 1. Thus the desire for a separate application under these circumstances appears to be satisfied.
 
 
 27
 Nor does the operation of 42 C.F.R. Sec. 435.139(a) appear to require Crippen to submit a new application. As noted earlier, this regulation describes the only situation in which Crippen would be automatically eligible for medicaid after her SSI benefits were terminated. Since this regulation does not apply here it follows that Crippen is no longer automatically eligible for medicaid. It does not follow, however, that she is automatically ineligible for such benefits. Such a conclusion flies in the face of the record in this case where, from all indications, Crippen was clearly eligible as a medically needy individual at all stages herein. Thus, the Department's argument that it "found" Crippen to be ineligible for medicaid when it received notice that her SSI benefits were terminated is purely specious. The Department never made any effort to determine her eligibility as a medically needy individual prior to terminating her benefits.
 
 
 28
 The Department's argument does possess a certain degree of superficial logic. Where the only basis for a recipient's eligibility for assistance has been eliminated it logically follows that eligibility must cease. The regulations at issue here, however, provide alternative bases for medicaid eligibility. See 42 C.F.R. Sec. 435.4. The most that was determined by the Department was that one of those bases for medicaid eligibility, i.e., the receipt of SSI benefits, had been eliminated. Thus Crippen was no longer eligible for medicaid as a categorically needy person. There remained the possibility, indeed, in this case the fact, that she was still eligible as a medically needy person. As noted earlier, the Department made no effort to determine Crippen's eligibility for medicaid as a medically needy person before terminating her from the program. Thus the Department could not have found Crippen to be ineligible for medicaid prior to terminating her from the program as it was required to do by 42 C.F.R. Sec. 435.930(b).[1]
 
 
 29
 We hold, therefore, that the Department's policy of automatically terminating the benefits of medicaid recipients solely because their SSI benefits have been terminated without determining whether they qualify as medically needy individuals violates the regulations promulgated under the Social Security Act.[2] The regulations require instead that, upon receipt of notice that an individual has been terminated from the SSI program, the Department must promptly determine ex parte the individual's eligibility for medicaid independent of his eligibility for SSI benefits. While this determination is being made, the state must continue to furnish benefits to such individuals. Accordingly, the district court's order granting summary judgment for the Department is hereby VACATED and this case is REMANDED to the district court with instructions to enter judgment for the plaintiff class.
 
 
 
 [1]
 The Department also argues on the basis of Harris v. McCrae, 448 U.S. 297, 100 S.Ct. 2671, 65 L.Ed.2d 784 (1980), and 42 C.F.R. Sec. 435.1003, that Crippen's benefits must be terminated upon receipt of notice that her SSI has been terminated. In Harris, supra, the Supreme Court held that a state was not required to assume the cost of medicaid services for which federal reimbursement was unavailable. 448 U.S. at 308-9, 100 S.Ct. at 2683-4. Sec. 435.1003(a) provides that federal reimbursement for medicaid expenditures is available through the end of the month if notice of the termination of SSI is received on or before the 10th day of the month. If the notice is received after the 10th day, federal reimbursement is available through the end of the next month. These deadlines are extended where the recipient requests a hearing. The Department asserts that this supports the argument that benefits must be terminated upon notice of termination of SSI benefits. We disagree. An equally plausible theory is that the Social Security Administration intended this Section of Sec. 435.1003 to give force to the requirement in Sec. 435.1003(b) that states take "prompt action" to determine the eligibility of individuals whose SSI benefits have been terminated. Stenson, supra, at 1340
 
 
 [2]
 Because of our resolution of this issue we need not decide whether the Department's policy also violates the Fourteenth Amendment. Hagans v. Lavine, 415 U.S. 528, 543, 94 S.Ct. 1372, 1382, 39 L.Ed.2d 577 (1973)