821 F.2d 649
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
ADAMO EQUIPMENT COMPANY; Adamo Wrecking Company; John Adamo;
Gloria D. Adamo; Paul Garavaglia and Beverly
Garavaglia, jointly and severally, Third
Party Plaintiffs-Appellants,
v.
ALEXANDER & ALEXANDER OF MICHIGAN, INC., a Michigan
corporation, Third Party Defendant-Appellee.
 No. 86-1460
 United States Court of Appeals, Sixth Circuit.
 June 23, 1987.
 
 Before JONES and NELSON, Circuit Judge, and CELEBREZZE, Senior Circuit Judge.
 PER CURIAM.
 
 
 1
 Defendants/third-party plaintiffs, Adamo Equipment Company, et al. (Adamo), appeal the district court's entry of summary judgment in favor of third-party defendant, Alexander & Alexander (A & A), on Adamo's claim for negligence in the procurement of a bid bond. Because we determine that there are genuinely disputed issues of material fact going to Adamo's negligent procurement claim against A & A, we reverse and remand on that narrow issue.
 
 
 2
 In early 1982, the City of Detroit, Water and Sewage Department solicited bids for a project known as the 'East Yard Facility.' The project's contract number was DWS 385; the City's purchasing department file number was 7303. The original bid date was April 7, 1982, but it was subsequently adjourned until May 18, 1982.
 
 
 3
 On April 1, 1982, Adamo, a contractor apparently specializing in demolition, called A & A, an agent for the Insurance Company of North America (INA), and requested a 'bid bond' for the project. A bid bond is a surety bond that a contractor is often required to supply in order that its bid may be considered. If the contractor fails to enter into a contract once its bid has been accepted, the bid bond may be forfeited to the project owner.
 
 
 4
 In its request for the bid bond, Adamo supplied the following project description:
 
 
 5
 File 7303--Demolition of various existing buildings and site paving and construction of new building. 11031 Shoemaker, Detroit, Michigan.
 
 
 6
 At this time, Adamo estimated that its bid would be $3,000,000.
 
 
 7
 A & A's bond manager, Martin Horwitz, reviewed the bid bond request and telephoned Adamo's President, John Adamo, for more information. Mr. Adamo testified at his deposition that Horowitz asked what portion of the project concerned demolition, to which Mr. Adamo responded $500,000. Horwitz's version of the conversation is exactly the opposite. Horwitz testified at his deposition that Mr. Adamo told him that the construction aspect of the project was only worth approximately $500,000. It was not really contested below that A & A and Horwitz had easy access to more detailed and accurate information on the project through various trade publications. A & A conveyed the bid bond request, along with Horwitz's understanding that the project involved primarily demolition and only minor construction, to its principal, INA. INA later issued the 5% bid bond.
 
 
 8
 Adamo submitted the low bid on the project--$3,720,000--which was accepted and approved by the City. Adamo then contacted A & A to request a performance bond. A performance bond is a surety bond that contractors are required to supply in order to enter into a contract upon the acceptance of a bid. The performance bond is given to assure that the work contracted for will be performed upon penalty of forfeiture. A & A relayed this request to INA, which refused to issue the performance bond. Adamo was unable to secure a performance bond elsewhere and, therefore, could not enter into the contract with the City. The City demanded forfeiture of the full amount of the bid bond--$186,000--and INA complied.
 
 
 9
 After paying the City, INA initiated the instant litigation against Adamo and various individual signatories to the Indemnity Agreement. Adamo counterclaimed for its losses resulting from INA's refusal to issue the performance bond. Adamo also filed a third-party complaint sounding in breach of contract and negligence against INA's agent, A & A, for its role in the transaction. Following a hearing on cross-motions for summary judgment, the district court rendered an oral opinion granting judgment against Adamo on all claims. After ruling that there was no disputed issue of material fact and that INA was absolutely within its rights in refusing to issue the performance bond, the district court held that A & A, as a disclosed agent acting on behalf of its principal, could not be liable under either the breach of contract or negligence theories.
 
 
 10
 Adamo appealed the judgments against it in favor of both INA and A & A. Adamo and INA have settled their dispute and that case has been dismissed. Only the issue of the dismissal of the negligence claim against A & A remains in this appeal.
 
 
 11
 In reviewing a grant of summary judgment, the standard is the same as that applied by the district court. Summary judgment is only appropriate if, viewing the facts in the light most favorable to the nonmoving party (Adamo), there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56; Crippen v. Kheder, 741 F.2d 102, 104 (6th Cir. 1984).
 
 I.
 
 12
 A & A argues that Adamo never contended in the third-party complaint, joint pre-trial order, or in any other trial pleadings, that A & A was negligent in obtaining the bid bond. A & A maintains that Adamo has waived that issue and cannot argue it for the first time on appeal.
 
 
 13
 By reference to the third-party complaint, paragraphs17 & 18, it is clear that Adamo premised its negligence claim at least partially on A & A's failure to reasonably evaluate the facts and identify potential problems prior to securing Adamo's bid bond from INA. See App. 15-16. It is equally clear from the final pre-trial order that the negligence claim argued in this appeal was before the district court. See App. 21, 26-27. We find no merit in A & A's argument that Adamo waived its negligence claim by not arguing it below.
 
 II.
 
 14
 The essence of the negligence claim asserted against A & A and appealed in this case is that A & A owed Adamo the duty of reasonable care in transmitting accurate information on the nature of the project to INA (A & A's principal) when submitting Adamo's request for the bid bond. Adamo claims that A & A breached that duty when it conveyed erroneous information regarding the nature of the project and the relative proportion of demolition work to construction work. This breach and misinformation allegedly caused INA to issue a bid bond that it would not otherwise have issued had it received accurate information. Adamo's reliance on the bid bond caused it to successfully bid on the project. When the City accepted Adamo's bid and INA (with subsequently-received accurate information) would not issue a performance bond, the bid bond was forfeited and Adamo was held liable to INA for that amount. In sum, if A & A had not misinformed INA in the bid bond application process, in breach of its duty to use due care, the bid bond allegedly would not have been issued and Adamo would not be in the position of reimbursing INA for the amount of the forfeited bid bond.
 
 
 15
 A & A argues that this theory does not state a cause of action because A & A was acting as the agent for a disclosed principal. The district court seemed to accept this reasoning in its brief oral opinion. While this theory may be a correct statement of an agent's liability under contract principles, it is a generally accepted proposition of agency and tort law that even a disclosed agent, acting on behalf of his principal, is personally liable for his own torts--including negligence. K-Mart Corp. v. Knitjoy Mfg., Inc., 542 F. Supp. 1189, 1193 (E.D. Mich. 1982); Baranowski v. Strating, 250 N.W.2d 744 (Mich. App. 1976); Restatement (Second) of Agency Sec. 350 (1957).
 
 
 16
 The district court also held that, based on deposition testimony of Adamo's expert, L. Knox Brandon, it was clear that there was no basis for the negligence action. We think that this is a mischaracterization of Brandon's testimony, as well as the record as a whole. Brandon basically testified that the various trade publications read daily by procuring agents in A & A's business carry detailed descriptions of the various public contracts let out for bids. Reference to any of these publications would have revealed an accurate description of the East Yard Facility project and would have alerted the agent that construction was obviously a substantial portion of the project--certainly more than $500,000 worth. Furthermore, on the basis of the conflicting testimony of Mr. Adamo and Mr. Horwitz, it is plainly apparent that there was a disputed issue of fact as to the information orally conveyed to A & A. The district court has either misconstrued the evidence of record or improperly weighed the evidence on the issue of A & A's alleged breach of duty.
 
 
 17
 We also find a disputed issue of material fact as to whether A & A's alleged breach proximately caused Adamo's damages. A & A argues that INA refused to issue the performance bond for ten different reasons, see Appellee's Brief at 3-4, and therefore proximate cause cannot be established as a matter of law. As an initial proposition, we conclude that the 'proximate' cause need not be the 'only' cause. Furthermore, reference to those ten reasons reveals that at least three of them directly concern misinformation in the bid bond application as to the amount of construction work involved. Finally, in a 'Sequence of Events Memo' prepared by INA, the May 24, 1982 entry explains that '#1 . . . had we had a more accurate description in all probability [we] would not have approved a [general contractor's] job, especially $3MM . . ..' App. 43.
 
 
 18
 We find disputes of material fact on the nature of A & A's duty to Adamo, whether A & A breached that duty, and whether said breach was the proximate cause of Adamo's injury. Summary judgment in favor of A & A on Adamo's negligence claim was, therefore, inappropriate. The district court's judgment is REVERSED in part and the matter is REMANDED for further proceedings on Adamo's negligence claim.