872 F.2d 1027
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Kevin NOBLE, Plaintiff-Appellant,
v.
SECRETARY OF HEALTH AND HUMAN SERVICES, Defendant-Appellee.
 No. 88-1433.
 United States Court of Appeals, Sixth Circuit.
 Feb. 27, 1989.
 
 Before ENGEL, Chief Judge, and KRUPANSKY and BOGGS, Circuit Judges.
 PER CURIAM.
 
 
 1
 Kevin Noble appeals an opinion and order entered by the United States District Court for the Eastern District of Michigan affirming the Secretary of Health and Human Services' denial of his claims for supplemental security income benefits.
 
 
 2
 Noble was born on April 4, 1985 and attended school through approximately the eighth grade. He has in the past been employed as a material handler, general laborer, and assembler. On August 19, 1983, Noble filed for supplemental security income benefits claiming that he had been disabled since 1975 when he injured himself while working. His application was denied initially and upon reconsideration. Following Noble's timely request for a hearing, an administrative law judge issued a decision denying benefits on August 12, 1986 concluding that plaintiff did not have an impairment or combination of impairments which significantly limited his ability to perform basic work-related activities. The Appeals Council denied plaintiff's request for review on January 29, 1987. On review in the district court the magistrate found substantial evidence to support the Secretary's decision and his findings and conclusions were adopted by the district judge.
 
 
 3
 On appeal, Noble contends that the Secretary and the district court failed to consider elements of fraud, deceit and misrepresentation of the testimony that was presented. Next he claims that there was insufficient evidence to support the finding that he was able to work. Finally, he contends that because he had won a settlement from his employer based on his injury in 1977, and because the state Medicaid Board determined that he was disabled, the Secretary is required to find disability as well because, he claims, those findings are binding on the Secretary.
 
 
 4
 Plaintiff Noble is in error in concluding that the findings of the state agency were in any way binding upon the Secretary. Crippen v. Kheder, 741 F.2d 102, 106 (6th Cir.1984); McCann v. Califano, 621 F.2d 829, 831 (6th Cir.1980). This principle is not only expressly provided by case law of this circuit, but is to be found in the Secretary's regulation at 20 C.F.R. Sec. 416.904 (1988) which states:
 
 
 5
 A decision by any non-governmental agency or any other governmental agency about whether you are disabled ... is based on its rules and is not our decision about whether you are disabled.... We must make a disability ... determination based on Social Security law. Therefore, a determination made by another agency that you are disabled ... is not binding on us.
 
 
 6
 It is true, as Noble alleges, that there are certain factual discrepancies in some of the medical reports, but none of them, in our judgment, is of sufficient import to warrant a remand, much less an award of benefits, nor to place in serious question the determination of the Secretary that claimant's impairments are not severe within the meaning of 20 C.F.R. 416.921. Further, as noted by the district judge, there is lacking in the record objective medical evidence of an underlying medical condition which would account for or be reasonably expected to produce the back pain of which the plaintiff complains. See Duncan v. Secretary of Health & Human Services, 801 F.2d 847, 853 (6th Cir.1986).
 
 
 7
 Accordingly, the court being of the opinion that no error warranting reversal occurred in the proceedings before the Secretary, and that the Secretary's findings are supported by substantial evidence, the judgment of the district court, upholding the Secretary's determination, is AFFIRMED.