816 F.2d 672
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Bluford MULLINS; Fannie Ratliff, Plaintiff-Appellant.
v.
William L. LUKHARD, Commissioner, Virginia Department of
Social Services; James Kenley, Commissioner,
Defendant-Appellee.
 No. 86-3595.
 United States Court of Appeals, Fourth Circuit.
 Argued Jan. 8, 1987.
Decided April 10, 1987.
 
 Appeal from the United States District Court for the Western District of Virginia, at Abingdon. Glen M. Williams, District Judge. (CA-85-14-A)
 Martin Douglas Wegbreit, Client Centered Legal Services of Southwest Virginia, Inc. on brief, for appellants.
 Pamela Malone Reed, Assistant Attorney General; (Mary Sue Terry, Attorney General of Virginia; Roger L. Chaffe, Senior Assistant Attorney General, on brief), for appellees.
 Before CHAPMAN, Circuit Judge, BUTZNER, Senior Circuit Judge, and SIMONS, Senior District Judge for the District of South Carolina, sitting by designation.
 PER CURIAM:
 
 
 1
 Plaintiffs Bluford Mullins and Fannie Ratliff appeal the district court's order of summary judgment in an action alleging that certain policies and procedures adopted by the State of Virginia for evaluating Medicaid claims violate the United States Constitution and various federal statutes and regulations. Because a genuine factual dispute exists regarding the appellants' constitutional claims, we remand the constitutional portion of the case to the district court for further findings. Regarding the statutory and regulatory claims, however, we affirm the district court's decision to grant summary judgment.
 
 I.
 
 2
 Medicaid is a jointly funded federal-state program administered pursuant to Title XVI of the Social Security Act, 42 U.S.C. Sec. 1396, et seq. (1983 and Supp.1986). The primary purpose of the program is to provide medical assistance to indigent families with children and to blind, disabled, or elderly individuals. State participation in the Medicaid Program is optional, but states that do participate must comply with federal laws and regulations.
 
 
 3
 Under the federal regulations, states are required to provide benefits to "categorically needy" persons. The "categorically needy" include all those persons receiving federal aid through such programs as Supplemental Security Income (SSI) and Aid to Families with Dependent Children (AFDC). Each state also has the option to help two other groups of potential Medicaid beneficiaries: the group of "optional categorically needy" individuals, which includes those persons who meet certain eligibility requirements for SSI or AFDC benefits, but who do not receive those benefits, 42 C.F.R. Sec. 435.200 et seq., and the group of "medically needy" individuals, which includes persons who meet certain medical and financial standards, but who are not otherwise "categorically" eligible. 42 C.F.R. Sec. 435.300 et seq..
 
 
 4
 The Commonwealth of Virginia participates in the Medicaid program. Under the Virginia program, benefits are extended to the "categorically needy" and the "medically needy." In determining eligibility for Medicaid benefits for the "medically needy", the focus of the inquiry is whether an individual is disabled under the applicable regulations. Virginia has chosen to use the same definition of "disability" as that employed in the adjudication of claims for SSI benefits under Title XVI of the Social Security Act. In those instances in which a claimant has filed a claim for SSI benefits, Virginia generally adopts the Social Security Administration's decision as to disability in determining the claimant's eligibility for Medicaid benefits. The state, however, must undertake an independent determination as to the claimant's disability in those cases in which the Social Security Administration denies or terminates SSI benefits on the basis of eligibility requirements unrelated to the claimant's capacity for work, such as receipt of excess income.
 
 
 5
 If an individual's SSI benefits are terminated, to continue to receive Medicaid in Virginia, a Medicaid claimant must first file an application for benefits with the Medicaid Disability Unit of his local Department of Social Services (DSS). If this application is denied, a claimant may appeal the decision. The Virginia Department of Medical Assistance Services (DMAS) receives appeals from the denial of Medicaid benefits and appoints an impartial hearing officer to preside over a hearing. The hearing officer is an employee of DMAS and functions as the subordinate to the Medical Assistance Appeals Board (Appeals Board) which makes the final administrative decision. The hearing officer conducts the hearing, receives and hears evidence, and makes procedural rulings. At the hearing, the claimant is given an opportunity to present his side of the case, either pro se or assisted by counsel, to present witnesses, and to cross-examine state witnesses.
 
 
 6
 After the evidentiary hearing, the hearing officer prepares a summary of the proceedings. He then transmits the summary, the documentary evidence presented at the hearing, and his recommended findings of fact and conclusions of law to the Appeals Board. Upon consideration of the evidence presented to the hearing officer as well as his recommendation, the Appeals Board makes the ultimate administrative decision. The claimant never appears before the Appeals Board. Should the Appeals Board find that it has insufficient evidence to make an informed decision on a given case, it may request additional evidence. The additional evidence requested by the Appeals Board is made available to all parties for review and comment before the Board renders it final decision.
 
 
 7
 Both appellants are former recipients of SSI benefits. Each of the appellants eventually became ineligible for benefits due to increases in income which placed each of their total incomes slightly above that permitted under the SSI program. In each case the Medical Assistance Appeals Board ultimately upheld the Department of Social Services action and denied entitlement to Medicaid benefits to appellants on the basis of a finding of no disability.
 
 II.
 
 8
 Appellants present this court with two arguments, each of which was rejected by the district court. First, they contend that their due process rights are violated because they did not have the opportunity to present their case before the Appeals Board. Appellants argue primarily that under Goldberg v. Kelly, 397 U.S. 245 (1970) they are entitled to present their evidence, cross-examine witnesses, and argue before the "final decision-maker", which Appellants contend is the Appeals Board.
 
 
 9
 Without examining Appellants' contentions, we have concluded that there exists a factual dispute which has potential constitutional dimensions. There is still some dispute regarding the facts surrounding the procedure utilized by the Medical Assistance Appeals Board in making its decision after the hearing officer has heard the case and made his recommendation. At oral argument, a dispute arose between opposing counsel concerning whether a claimant's counsel had access to the hearing officer's report before the Appeals Board rendered its decision. Since oral argument, appellants counsel has submitted several affidavits which indicate that the hearing officer's report may not be available to claimants before the decision of the Appeals Board is rendered. Because this dispute creates a genuine issue of material fact, we hereby remand this case to the district court for supplementary findings on the issue of whether a copy of the hearing officer's report is available to Virginia Medicaid claimants upon request. The district court should reassess its opinion in light of this fact.
 
 III.
 
 10
 Appellants also contend that the Commonwealth of Virginia wrongfully deprived them of benefits to which they were entitled under the applicable regulations. Virginia has chosen to use the same definition of disability as that employed in the adjudication of claims for SSI benefits under Title XVI of the Social Security Act. Appellants allege that under these regulations as interpreted by the Social Security Administration and the federal courts, they are entitled to benefits. Therefore, Appellants contend that the decision of the Appeals Board which interpreted identical regulations adopted by the state in a manner which led to a denial of benefits is incorrect as a matter of law. Such is not the case.
 
 
 11
 Appellants contend that the Appeals Board erred in its finding of no disability by refusing to look at the interpretation of the regulations followed by the Social Security Administration and as interpreted by the federal courts. As the district court noted, however, the fact that the Appeals Board used reasoning processes and terminology different from that used by the Social Security Administration is not important. It is clear that the Appeals Board considered all the facts in both cases in making its disability evaluations. That the Appeals Board did not word its opinions in the same manner as that required for the Social Security Administration is of no significance. Finally, there is no legal basis for the transposition of a body of federal law which was established for the Social Security Administration onto the relatively simple and fact-specific Medicaid adjudication scheme established by the Commonwealth of Virginia.
 
 
 12
 When a state chooses to adopt a specific written definition for its own purposes, it is not obligated to attempt to adopt everyone else's interpretation of that definition. The Commonwealth of Virginia chose to adopt the definition of "disability" created by the Social Security regulations, but as long as the state hearing process is fair and consistent with the due process guarantees of the constitution, Virginia cannot now be required to adopt all other definitions of that definition.
 
 
 13
 As the district court of Rhode Island stated in Rousseau v. Bordeleau, 624 F.Supp. 355, 361 (D.R.I.1985):
 
 
 14
 Congress has spoken through the statute that a State participating in the Medical Assistance Programs is to determine eligibility. If a change is to be made, it is Congress's right and responsibility to change the statute. Although the present procedure with both state and federal determinations involves two separate determinations which may result in inconsistent outcomes, this Court does not have the authority to legislate and to change the statute.
 
 
 15
 The district court here, like the district court in Rhode Island has recognized the inevitability of conflicting decisions regarding the subject of disability. It is not the place for the federal courts to resolve honest disagreements between the federal and state agencies as to the interpretation of regulations which, even if identical, are not statutorily required to be given identical construction.
 
 
 16
 AFFIRMED IN PART, REMANDED WITH DIRECTIONS.