795 F.2d 643
 14 Soc.Sec.Rep.Ser. 212, Medicare&Medicaid Gu 35,488
Effie M. SAVAGE, Goldie Sickles, Dora M. Shay, Agnes
Pinaire, Vivien C. Krebs, Orville M. Jones, Anna L. Ewing,
Esther P. Coleman, Maude Carter, Margaret J. Buck, Joe
Avery, Individually and on behalf of all other persons
similarly situated, Appellees,
v.
Barrett TOAN, Individually and as Director of the Missouri
Dept. of Social Services; Joseph J. O'Hara,
Individually and as Director of the
Missouri State Division of
Family Services and Appellees,
Otis R. Bowen, Secretary of the Dept. of Health & Human
Services, Appellant.
 No. 85-2192.
 United States Court of Appeals,
Eighth Circuit.
 Submitted April 16, 1986.
Decided July 7, 1986.
As Amended Sept. 4, 1986.
Rehearing Denied Sept. 5, 1986.
 
 David R. Smith, Washington, D.C., for appellant.
 James Marshall Smith, Kansas City, Mo., and Paul Keller, Jefferson City, Mo., for appellees.
 Before JOHN R. GIBSON, Circuit Judge, SWYGERT,* Senior Circuit Judge, and FAGG, Circuit Judge.
 FAGG, Circuit Judge.
 
 
 1
 The Secretary of the Department of Health & Human Services appeals the district court's decision enjoining the Secretary's application of federal eligibility requirements to Missouri's Medicaid plan. The district court held that the implementation of the federal standards would establish eligibility requirements more restrictive than those the state had in effect on January 1, 1972, in violation of 42 U.S.C. Sec. 1396a(f) (commonly referred to as Sec. 209(b)). We disagree with the district court's interpretation of Sec. 209(b) and reverse its decision.
 
 
 2
 The Medicaid program provides federal funds to participating states that choose to reimburse certain costs of medical treatment for needy persons. Schweiker v. Gray Panthers, 453 U.S. 34, 36, 101 S.Ct. 2633, 2636, 69 L.Ed.2d 460 (1981). "State Medicaid plans must comply with requirements imposed both by the Act itself and by the Secretary of Health and Human Services." Id. at 37, 101 S.Ct. at 2636.
 
 
 3
 As originally enacted, Medicaid required participating states to provide medical assistance to individuals who were receiving cash payments under any one of four welfare programs established elsewhere in the Social Security Act. Herweg v. Ray, 455 U.S. 265, 268, 102 S.Ct. 1059, 1062-63, 71 L.Ed.2d 137 (1982); Gray Panthers, 453 U.S. at 37, 101 S.Ct. at 2636. In 1972, Congress restructured the Medicaid program and replaced three of the four welfare assistance programs with Supplemental Security Income for the Aged, Blind, and Disabled (SSI). 42 U.S.C. Sec. 1381 et seq.
 
 
 4
 As a direct result of the restructuring, the number of individuals eligible under the new SSI standards increased significantly in many states.
 
 
 5
 Fearing that some States might withdraw from the Medicaid program rather than bear the increased costs imposed by the restructuring, Congress offered the States the "Sec. 209(b) option." 42 U.S.C. Sec. 1396a(f). Under the Sec. 209(b) option, the States may elect to provide Medicaid assistance only to those individuals who would have been eligible under the State's Medicaid plan in effect on January 1, 1972.
 
 
 6
 Herweg, 455 U.S. at 268, 102 S.Ct. at 1063. Hence, Sec. 209(b) provides a limited exception to the federal eligibility requirements and allows participating states to avoid the increased fiscal burden that would otherwise result under the broader SSI standards. Morris v. Morrow, 783 F.2d 454, 460 (4th Cir.1986); Minnesota v. Heckler, 779 F.2d 1335, 1338 (8th Cir.1985); Lewis v. Shulimson, 400 F.Supp. 807, 810 (E.D.Mo.1975), aff'd 539 F.2d 794 (8th Cir.1976), cert. denied sub nom. Gourley v. Lewis, 430 U.S. 940, 97 S.Ct. 1570, 51 L.Ed.2d 786 (1977).
 
 
 7
 Under the SSI program, Medicaid eligibility is based upon a maximum ceiling limiting the amount of income and resources a recipient can hold while receiving benefits. 42 U.S.C. Sec. 1382. In determining an individual's available resources, the individual's home is not included. Id. Sec. 1382b(a)(1); 20 C.F.R. Sec. 416.1212.
 
 
 8
 Under Missouri's 1972 Medicaid plan, a medicaid recipient living in a nursing home could have his or her family home excluded from available resources "during the period of time the * * * recipient [remained] a patient in [a]nursing home or institution." Stipulated Exhibit No. 44, Joint Appendix at 148. The Secretary, however, has interpreted the term "home" more restrictively than Missouri as
 
 
 9
 the principal place of residence (i.e., the home) of an individual as long as he resides there or intends to return to this residence. * * * If he is in a medical institution and if his spouse or a dependent lives in the home, it continues to be exempt as long as they continue to live in the home. However, this exclusion only applies where the reason for the recipient's absence from the home is institutionalization.
 
 
 10
 Stipulation No. 30, Joint Appendix at 129.
 
 
 11
 The Secretary's interpretation of the homestead exemption under SSI has not been challenged, and for purposes of this appeal, we will assume its validity. "In the absence of a statutory definition of the term ['home'], it is appropriate to consider the Secretary's interpretation of that term." Connecticut Department of Income Maintenance v. Heckler, --- U.S. ----, 105 S.Ct. 2210, 2214, 85 L.Ed.2d 577 (1985).
 
 
 12
 On appeal, the Secretary simply claims the district court improperly held that Sec. 209(b) precludes him from insisting that Missouri comply with the federal eligibility standards that are more restrictive than the eligibility standards that were in effect in the state on January 1, 1972. Specifically, the Secretary takes the position that Missouri must apply SSI standards in determining whether the home will be included as a countable resource.
 
 
 13
 The Secretary argues that Sec. 209(b) does not allow a participating state to have standards more liberal than SSI. See 42 C.F.R. Sec. 435.121(b)(1). Hence, to the extent that Missouri's plan does not conform with federal requirements, the Secretary claims that Sec. 209(b) is irrelevant and therefore, he can insist that Missouri amend its plan. We agree.
 
 
 14
 The Secretary's interpretation of a statute that he is charged with administering is entitled to substantial deference. Income Maintenance, 105 S.Ct. at 2215. If the Secretary's interpretation is reasonable, judicial approval is proper, even though other reasonable interpretations exist. Id.
 
 
 15
 We conclude the Secretary's interpretation that Sec. 209(b) does not provide an independent basis for Medicaid eligibility is reasonable. "Despite its semantic complexity, we believe one thing is clear about Sec. 209(b): it was designed solely to relieve states of a potential burden at their option. * * * [I]t does not confer authority upon states to create broader eligibility standards than exist nationally for SSI." Morris, 783 F.2d at 459 (emphasis in original).
 
 
 16
 In Morris, the Fourth Circuit agreed with the Secretary's position that an individual must first meet the eligibility requirements under the SSI before Sec. 209(b) is activated. Id. at 460. In other words, if an individual does not meet SSI's eligibility requirements, then Sec. 209(b) is not applicable; it does not operate as a waiver of federal eligibility requirements simply because those requirements are more restrictive than what the state had in effect on January 1, 1972. We agree with the Fourth Circuit that
 
 
 17
 Sec. 209(b) is a limited exception to the [federal] eligibility rules * * * and permits states to exclude individuals who would otherwise be eligible. * * * It follows that if an individual is not eligible under [SSI], then Sec. 209(b) is irrelevant to the determination of Medicaid eligibility.
 
 
 18
 Id.
 
 
 19
 In addition to Morris, the legislative history of Sec. 209(b) supports the Secretary's interpretation as well. The House Ways and Means Committee considered the financial burden that participating states might suffer if required to cover the additional individuals that would be eligible under the newly structured SSI program. In doing so, the committee
 
 
 20
 decided not to require the States to cover the newly eligible, but rather leave the decision up to each individual State. Your committee's bill would, therefore, provide that despite any other [eligibility] requirements * * *, no State shall be required to provide Medicaid coverage to any individual or family member in any month where such person would not have been eligible for such assistance under the State plan in effect on January 1, 197.
 
 
 21
 H.R.Rep. No. 231, 92nd Cong. 1st Sess. 197, reprinted in 1972 U.S.Code Cong. & Ad.News 4989, 5183. See also Morris, 783 F.2d at 460.
 
 
 22
 This committee statement supports the Secretary's interpretation that Congress intended for SSI eligibility requirements to apply as well to Sec. 209(b) states, but that those states are permitted to exclude those individuals who would have been ineligible for Medicaid coverage under the state's plan in effect on January 1, 1972. "Because the Sec. 209(b) option only exempts states from the requirement of covering all SSI recipients, it does not confer authority upon states to create broader eligibility standards than exist nationally for SSI." Morris, 783 F.2d at 459 (emphasis in original).
 
 
 23
 Thus, we conclude the Secretary's interpretation of Sec. 209(b) is reasonable. Accordingly, we reverse the district court's decision enjoining the Secretary from applying federal eligibility requirements to Missouri's Medicaid plan.
 
 
 
 *
 The HONORABLE LUTHER M. SWYGERT, Senior Judge, United States Court of Appeals for the Seventh Circuit, sitting by designation