Peggy ARMSTRONG; Russell Hansen; Yvonne Hansen; and Mary Howell, Appellees,

v.

Charles PALMER, in his capacity as Director, Iowa Department of Human Services, Appellant.

No. 88–1974.

United States Court of Appeals, Eighth Circuit.

Submitted Dec. 15, 1988.

Decided July 19, 1989.

---

Daniel W. Hart, Des Moines, Iowa, for appellant.

Bob Heimer, Davenport, Iowa, for appellees.

Before LAY, Chief Judge, FAGG, Circuit Judge, and REASONER,[*] District Judge.

FAGG, Circuit Judge.

In response to Peggy Armstrong's application for Supplemental Security Income (SSI) benefits, *see* 42 U.S.C. § 1381a (Supp. IV 1986), the United States Social Security Administration (SSA) determined Armstrong was not disabled, *id.* § 1382c(a)(3) (1982 & Supp. IV 1986). Thus, Armstrong failed to qualify for SSI. Without a change in her physical condition, Armstrong later sought benefits from the Iowa Department of Human Services (state agency) under Iowa's Medicaid plan, *see*

Iowa Code ch. 249A (1987). The state agency denied her claim based on the SSA's nondisability determination under SSI.

Armstrong then filed this class action in the district court. Armstrong, on behalf of the members of her class (collectively Armstrong), asserted that in determining Medicaid benefits, federal law required that the state agency decide independently whether the claimants were disabled. The district court agreed and ordered the state agency to redetermine Armstrong's disability despite the SSA's nondisability determination. In doing so, the court relied on *Rousseau v. Bordeleau*, 624 F.Supp. 355, 361 (D.R.I.1985). The state agency now appeals, and we reverse.

SSI is a federal cash assistance program for individuals who are aged, blind, or disabled and who also have limited incomes and resources. *See* 42 U.S.C. §§ 1381–1381a (1982 & Supp. IV 1986). Medicaid is a cooperative federal-state program that helps the poor pay for medical care. *Schweiker v. Gray Panthers*, 453 U.S. 34, 36, 101 S.Ct. 2633, 2636, 69 L.Ed.2d 460 (1981). Medicaid incorporates the disability standard contained in SSI. *See* 42 U.S.C. §§ 1382c(a)(3), 1396d(a)(vii) (1982 & Supp. IV 1986). Under Medicaid, participating states must provide benefits to disabled individuals who actually receive SSI benefits. *Id.* § 1396a(a)(10)(A)(i)(II) (Supp. IV 1986). At their option, participating states also may extend Medicaid benefits to individuals who are not receiving SSI benefits, but who are eligible for those benefits based on disability and financial need. *Id.* § 1396a(a)(10)(A)(ii)(I) (1982 & Supp. IV 1986); 42 C.F.R. § 435.1(b)(2) (1987). These individuals are known as "optional categorically needy," *Herweg v. Ray*, 455 U.S. 265, 268–69, 102 S.Ct. 1059, 1062–63, 71 L.Ed.2d 137 (1982), and Armstrong claims she is among them.

Iowa provides benefits to the optional categorically needy. *See* Iowa Code

---

[*] The HONORABLE STEPHEN M. REASONER, United States District Judge for the Eastern District of Arkansas, sitting by designation.

§ 249A.3(2)(d) (1987). When an individual claims benefits as a member of this group, the Iowa state agency determines whether the claimant is disabled in either of two ways. First, if the SSA has not made a disability determination for the SSI program, the state agency makes an independent determination based on the claimant's medical report and social history. Second, if the SSA has already found a claimant not disabled under SSI, the state agency adopts this determination. Because the SSA had found Armstrong not disabled under SSI, the state agency denied her Medicaid benefits.

The issue on appeal is clear: in deciding a claimant's eligibility for Medicaid, may the state agency adopt the SSA's nondisability determination made previously under SSI. We exercise de novo review over this question of statutory and regulatory construction. *Department of Social Servs. v. Bowen,* 804 F.2d 1035, 1037 (8th Cir.1986). Two district court decisions have addressed this question and have reached opposite results. *Compare Fratone v. Division of Pub. Welfare of N.J. Dep't of Human Servs.,* [1988–2 Transfer Binder] Medicare & Medicaid Guide (CCH) ¶ 37,093, at 16,878 (D.N.J. Feb. 8, 1988) *with Rousseau,* 624 F.Supp. at 361.

Congress has authorized participating states to enter into agreements under which the Secretary of Health and Human Services (Secretary) makes Medicaid eligibility determinations for those states. 42 U.S.C. § 1383c(a) (Supp. IV 1986). Iowa's agreement authorizes the Secretary to make the Medicaid eligibility determinations only for individuals who actually receive SSI benefits. *See* 20 C.F.R. § 416.2112 (1987). Because Armstrong does not receive SSI benefits, the state agency correctly acknowledges its responsibility to determine whether she is disabled. *See id.* § 416.2107.

That acknowledgment, however, does not resolve the issue presented here. The state agency must make the disability determination, but the federal statutes do not establish procedures for making this determination. *See, e.g.,* 42 U.S.C.

§ 1396a(a)(4)–(5) (1982). Instead, to deal with the complexity of the Medicaid scheme, Congress has granted the Secretary exceptionally broad authority for shaping the program through regulations. *Gray Panthers,* 453 U.S. at 43, 101 S.Ct. at 2640. The Secretary can adopt "regulations, not inconsistent with [the statutes], as may be necessary [for the program's] * * * efficient administration." 42 U.S.C. § 1302 (Supp. IV 1986); *see Connecticut Dep't of Income Maintenance v. Heckler,* 471 U.S. 524, 530 n. 16, 105 S.Ct. 2210, 2214 n. 16, 85 L.Ed.2d 577 (1985). Further, the state agency must follow these regulations. *See Gray Panthers,* 453 U.S. at 37, 101 S.Ct. at 2636; *Savage v. Toan,* 795 F.2d 643, 644 (8th Cir.1986).

Here, the Secretary has adopted two relevant regulations. Under the first regulation, a state agency may offer Medicaid benefits to "individuals who would be eligible for * * * SSI * * * but who are not receiving these benefits." 42 C.F.R. § 435.210 (1987). The other regulation provides that a state agency must have a physician and a social worker determine disability based on a medical report and social history. *Id.* § 435.541(a)–(b). When applied to a Medicaid claimant whom the SSA has already found ineligible for SSI benefits, these regulations appear inconsistent. In those situations not covered by an agreement between the Secretary and participating state, section 435.541 directs the state agency to make an independent disability determination on Medicaid applications. Because only the SSA decides "who would be eligible for * * * SSI," however, the Secretary believes section 435.210 compels the state agency to adopt the SSA's nondisability determination when considering Medicaid applications.

These regulations must be read together "to give effect, if possible, to [both] * * * provisions." *Jay v. Boyd,* 351 U.S. 345, 360, 76 S.Ct. 919, 928, 100 L.Ed. 1242 (1956); *see Columbus Community Hosp., Inc. v. Califano,* 614 F.2d 181, 186 (8th Cir.1980). In this case, the agency responsible for the regulations has already reconciled them. We afford deference to the agency's reconciliation of its own regula-

tions. *See Modine Mfg. Corp. v. Kay*, 791 F.2d 267, 273–74 (3d Cir.1986); *see also Udall v. Tallman*, 380 U.S. 1, 16–17, 85 S.Ct. 792, 801–02, 13 L.Ed.2d 616 (1965). Because Armstrong does not assert a constitutional or statutory challenge to the regulations, the agency's interpretation controls unless it is " 'plainly erroneous or inconsistent with the regulation[s].' " *Robertson v. Methow Valley Citizens Council*, —— U.S. ——, 109 S.Ct. 1835, 1850, 104 L.Ed.2d 351 (1989) (quoted citation omitted); *see Gardebring v. Jenkins*, 485 U.S. 415, 108 S.Ct. 1306, 1314, 99 L.Ed.2d 515 (1988); *Creighton Omaha Regional Health Care Corp. v. Bowen*, 822 F.2d 785, 789 (8th Cir.1987). Unless the Secretary's construction of the relevant regulations offends the rule in *Robertson*, 109 S.Ct. at 1850, the Secretary's interpretation is " '[t]he ultimate criterion,' " *Thorpe v. Housing Auth.*, 393 U.S. 268, 276, 89 S.Ct. 518, 523, 21 L.Ed.2d 474 (1969) (quoted citation omitted).

The Secretary interprets sections 435.210 and 435.541 of the regulations as follows: (1) when the SSA has found an individual not disabled, that individual would not be eligible for SSI, and thus, under section 435.210, a state agency must adopt the SSA's disability determination for Medicaid purposes; and (2) when the SSA has not made a disability determination for an individual, the state agency must make an independent determination under section 435.541. *See* 52 Fed.Reg. 47,415 (1987) (When the "SSA has not spoken[,] * * * [s]tates must apply the SSI eligibility criteria and determine whether an applicant *would be eligible* for SSI * * *. * * * [W]hen the SSI program has determined that an individual is not disabled, that determination settles * * * whether the individual 'would be eligible for SSI.' " (quoting 42 C.F.R. § 435.210 (1987) (emphasis in original))); *see also id.* at 47,414, 47,418 to 47,419 (proposed regulation incorporating the existing policy that the SSA's nondisability determinations under SSI are binding on states for purposes of Medicaid). As the *Fratone* court aptly noted, "[o]nce a Medicaid * * * applicant has been held ineligible for SSI benefits by the [SSA], it is simply impossible to describe that person as an 'individual[ ] who would be eligible for ... SSI.' " *Fratone*, [1988–2 Transfer Binder] Medicare & Medicaid Guide (CCH) at 16,877 (quoting 42 C.F.R. § 435.210).

Although the *Rousseau* court was aware of the Secretary's established policy that "[participating states] must adopt a [SSA] finding of no disability," *Rousseau*, 624 F.Supp. at 357, that court discussed only section 435.541, not section 435.210, *see id.* at 360. Viewing section 435.541 in isolation, we also might conclude that federal law requires the state agency to make an independent determination of disability. Nevertheless, both regulations do exist, and the Secretary's interpretation of these regulations cannot be ignored. Because this interpretation is not plainly erroneous or inconsistent with the regulations as a whole, we must accept the Secretary's interpretation as controlling. *See Robertson*, 109 S.Ct. at 1850.

We also note that the Secretary's interpretation furthers Congress's desire to avoid spending limited benefit funds "to duplicate * * * the eligibility work already being carried on by the [f]ederal agency." H.R.Rep. No. 231, 92d Cong., 1st Sess. 196 (1971), *reprinted in* 1972 U.S.Code Cong. & Admin.News 4989, 5182. Additionally, as the state agency correctly points out, federal law provides numerous opportunities for individuals to seek administrative and judicial review of the SSA's nondisability determination under SSI. *See* 42 U.S.C. § 405 (1982 & Supp. IV 1986); 20 C.F.R. §§ 416.1400 to .1494 (1987). Furthermore, if an SSI nondisability determination is reversed, the Iowa state agency retroactively awards Medicaid benefits. *See* Iowa Admin.Code r. 441–75.8 (1988).

Iowa's practice is consistent with the Secretary's interpretation of the relevant regulations. Thus, Armstrong's challenge fails, and we reverse the district court.

LAY, Chief Judge, dissenting.

The panel majority has determined that the Iowa Department of Human Services (IHS) may adopt the Social Security Administration's finding of nondisability for pur-

poses of receiving Supplemental Security Income benefits. I must respectfully dissent.

I agree with Judge Vietor that *Rousseau v. Bordeleau*, 624 F.Supp. 355 (D.R.I.1985) is both on point and persuasive. As Judge Vietor stated:

> IHS policy violates the Social Security Act and regulations adopted pursuant to the Act by the United States Department of Health and Human Services (HHS). States have the authority to determine disability. IHS must determine after a requested evidentiary hearing facts that determine Medicaid eligibility. It must determine disability independently unless it has delegated that determination.

*Armstrong v. Norman*, No. 86–889–B, slip op. at 1 (S.D.Iowa Mar. 2, 1988) (citations omitted). Iowa had not made the required delegation. Further, as Judge Vietor noted, "[t]here has been ample time since *Rousseau* was decided for Congress to amend the statute or for HHS to revise its regulations to overcome *Rousseau*'s holding, but changes have not been made." *Id.* I would find that Iowa is compelled to make an independent determination of non-disability under the circumstances presented here.