DISABLED RIGHTS UNION, an association; and Beverly Edmon, David Harrah, Timothy Martin, Mary J. Ontiveros, on behalf of themselves and others similarly situated, Plaintiffs,

v.

Kenneth KIZER, as Director of the California Department of Health Services; and Louis Sullivan, as Secretary of the United States Department of Health and Human Services, Defendants.

No. CV 87–3901 WPG (TX).

United States District Court,
C.D. California.

Aug. 27, 1990.

---

Elena H. Ackel, Legal Aid Foundation of Los Angeles, Los Angeles, Cal., for plaintiffs.

Lourdes G. Baird, U.S. Atty., Frederick M. Brosio, Jr., Asst. U.S. Atty., Chief, Civ.

Div., Ian Fan, Donna J. Everett, Asst. U.S. Attys., Los Angeles, Cal., for defendant Louis Sullivan, Secretary of U.S. Dept. of Health and Human Services.

John K. Van de Kamp, Atty. Gen. of the State of Cal., Anne S. Pressman, Supervising Deputy Atty. Gen., Los Angeles, Cal., for defendant Kenneth Kizer, as Director of the California Dept. of Health Services.

## MEMORANDUM OF DECISION

GRAY, Senior District Judge.

The plaintiff class was certified by this court on March 14, 1988, and consists of all persons who have been or will be denied benefits under the California Medicaid program because they have been found to be ineligible for federal Supplemental Security Income ("SSI") benefits. The plaintiffs challenge the policy adopted by the Secretary of Health and Human Resources ("the Secretary") to the effect that federal non-disability determinations for SSI supersede previous state agency determinations awarding Medicaid benefits. The Secretary has made it clear that if the state agency does not terminate Medicaid in these instances, federal funds could be withdrawn and the State cited for quality control violations. The parties have stipulated to a temporary restraining order to prohibit such action while this litigation is pending.

The plaintiffs filed a motion for summary judgment that was briefed and argued by counsel on December 11, 1989. On that same day, proposed regulations regarding Medicaid eligibility determinations were published as final by the Secretary. The court took the matter under submission in order to consider the new regulations and the parties' respective positions.

Having reviewed the regulations and the papers submitted, this court now concludes that the Secretary's policy and regulations are not inconsistent with Congressional statutes, and, therefore, judgment will be entered in favor of the defendants.[1] The

---

1. The plaintiffs maintain that before Medicaid benefits can be terminated once they have been granted, the state agency should be required to apply the "medical improvement standard," as

bases for this holding are contained in this Memorandum.

## I.

The Supplemental Security Income ("SSI") Program is a federal program that provides cash assistance to individuals who are aged, blind or disabled and who have limited incomes or resources. *See* 42 U.S.C. §§ 1381–1381a (1983 & Supp.1990). It is administered by the Social Security Administration ("the federal agency").

Medicaid is a cooperative program between the federal and state governments, established by Title XIX of the Social Security Act. *See generally,* 42 U.S.C. § 1396 *et seq.* (1983 & Supp.1990). Its aim is to furnish medical assistance to needy families and individuals by providing federal funding to state programs. A state electing to receive federal Medicaid funding must adopt federal procedures for determination of disability, including the definition of "disabled," as defined in the SSI program (unless the state applies a more restrictive definition). *See* 42 C.F.R. § 435.540 (1989); *see also,* 42 U.S.C. § 1396d(a)(vii) (1983 & Supp.1990). In addition, a state may enter into a "1634 Agreement" with the Secretary of Health and Human Services ("the Secretary") whereby the Secretary determines Medicaid eligibility for the State. *See* 42 U.S.C. § 1383c(a) (1983 & Supp.1990).

Under federal law, a state receiving federal Medicaid funding must make available Medicaid benefits to individuals receiving SSI. *See* 42 U.S.C. § 1396a(a)(10)(A)(i) (1983 & Supp.1990). These individuals are referred to as the "categorically needy" and are not at issue in this case. *See* 42 C.F.R. § 435.4 (1989). A state has the option to provide Medicaid to individuals that meet the requirements for SSI but who are not receiving cash benefits. *See* 42 U.S.C.

§ 1396a(a)(10)(A)(ii)(I) (1983 & Supp.1990). These persons are referred to as the "optional categorically needy." *See, Herweg v. Ray,* 455 U.S. 265, 268–69, 102 S.Ct. 1059, 1062–63, 71 L.Ed.2d 137 (1982). A state also may elect to provide Medicaid to individuals that meet the disability requirements for SSI but whose incomes make them ineligible for SSI. *See* 42 U.S.C. §§ 1396a(a)(10)(C), 1396d(a) (1983 & Supp. 1990). These people are referred to as the "medically needy." *See* 42 C.F.R. § 435.4 (1989).

The Medicaid program in California is administered by the California Department of Health Services ("the state agency"). California receives federal funding for its Medicaid program and consequently has adopted the federal definitions.[2] The state agency has opted to provide benefits to the optional categorically needy and to the medically needy. The rights of both of these categories of recipients are at issue in this matter, and the plaintiff class consists of recipients from each category.

## II.

In reviewing challenges to an agency's interpretation of its governing statute, the guidelines for the court are well established. "If the intent of Congress is clear, that is the end of the matter; for the court, as well as the agency, must give effect to the unambiguously expressed intent of Congress." *Chevron, U.S.A., Inc. v. Natural Resources Defense Council, Inc.,* 467 U.S. 837, 842–43, 104 S.Ct. 2778, 2781–82, 81 L.Ed.2d 694 (1984). " '[I]f the statute is silent or ambiguous with respect to the specific issue, the question for the court is whether the agency's answer is based on a permissible construction of the statute,' that is, whether the agency's construction is 'rational and consistent with the statute.' " *Sullivan v. Everhart,* —— U.S.

---

well as the "presumption of continued disability" articulated in the case of *Patti v. Schweiker,* 669 F.2d 582, 586–87 (9th Cir.1982). This court's holding, that the federal agency's determination of nondisability under SSI supersedes a prior state agency finding of Medicaid eligibility, renders a decision regarding the medical improvement standard unnecessary.

**2.** Additionally, California has a 1634 Agreement with the Secretary authorizing the Secretary to make determinations and redeterminations of Medicaid eligibility, limited to those individuals who are receiving or are eligible to receive basic federal payments and/or federally administered supplementary payments.

——, ——, 110 S.Ct. 960, 964, 108 L.Ed.2d 72, 80 (1990) (citations omitted) (*quoting Chevron,* 467 U.S. at 843, 104 S.Ct. at 2782 and *NLRB v. United Food & Commercial Workers,* 484 U.S. 112, 123, 108 S.Ct. 413, 420–21, 98 L.Ed.2d 429 (1987) respectively). If the regulations are not inconsistent, the court "must respect the interpretation of the agency to which Congress has delegated the responsibility for administering the statutory program." *See INS v. Cardoza–Fonseca,* 480 U.S. 421, 458, 107 S.Ct. 1207, 1227, 94 L.Ed.2d 434 (1987) (*relying on Chevron,* 467 U.S. at 843, 104 S.Ct. at 2782).

This court determines that Congress did not speak directly to the issue of whether the federal agency's finding of nondisability is binding on the state agency's determination of Medicaid eligibility. Instead, as the Eighth Circuit in *Armstrong v. Palmer,* 879 F.2d 437 (8th Cir.1989) points out, "to deal with the complexity of the Medicaid scheme, Congress has granted the Secretary exceptionally broad authority for shaping the program through regulations." *Id.* at 439 (*citing Schweiker v. Gray Panthers,* 453 U.S. 34, 43, 101 S.Ct. 2633, 2640, 69 L.Ed.2d 460 (1981)). Such power is granted in Title 42 U.S.C. section 1302(a) (1983 & Supp.1990), providing that the Secretary "shall make and publish such rules and regulations, not inconsistent with this chapter, as may be necessary to the efficient administration of the functions with which [the Secretary] is charged under this chapter."

In the preamble to the new regulations, the Secretary states:

[A] finding by SSA that an individual is not disabled controls for purposes of any applications for Medicaid based upon an allegation of disability for essentially the same condition and time periods.

\*     \*     \*     \*     \*     \*

Our basic rule is that any SSA determination as to an individual claimed disability remains controlling as to that claimed condition until it is changed by SSA. In the event a different conclusion was reached by the State Medicaid agency prior to the individual's application for SSI or because the SSA determination was not made promptly as required under 42 CFR 435.911, the State Medicaid agency's determination is superseded by the SSA determination.

54 Fed.Reg. 50,755, 50,756 to be codified at 42 C.F.R. §§ 435, 436.

Section 435.541 of the new regulations provides as follows:

(b) *Effect of SSA determinations.* (1) Except in the circumstances specified in paragraph (c)(3)[3] of this section—

(i) An SSA disability determination is binding on an agency until the determination is changed by SSA.

(ii) If the SSA determination is changed, the new determination is also binding on the agency.

*Id.* at 50,762.

In light of the foregoing administrative pronouncements, it is clear that the regulations intend that the federal agency's determination of nondisability supersedes a previous state agency determination of disability.

### III.

In *Rousseau v. Bordeleau,* 624 F.Supp. 355 (D.R.I.1985), the court relied upon statutory provisions in holding that the state must make an independent determination of eligibility even when the applicant has been found by the federal agency to be ineligible for SSI. According, to the *Rousseau* court, Title 42 U.S.C. section

---

**3.** Paragraph (c)(3) of the section provides:

(c) *Determinations made by the Medicaid agency.* The agency must make a determination of disability in accordance with the requirements of this section if any of the following circumstances exist:

\*     \*     \*     \*     \*     \*

(3) The individual applies to SSA for SSI and to the State Medicaid agency for Medicaid, the State does not have a section 1634 agreement with SSA, and either the State uses more restrictive criteria than SSI for determining Medicaid eligibility under its section 1902(f) option or, in the case of a State that uses SSI criteria, SSA has not made an SSI disability determination in time for the State to comply with the Medicaid time limit for making a prompt determination on an individual's application for Medicaid.

1396a(a)(5) "specifically and literally" directs that a participating state determine eligibility for Medicaid. 624 F.Supp. at 359. This section provides:

> A State plan for medical assistance must ... either provide for the establishment or designation of a single State agency to administer or to supervise the administration of the plan; or provide for the establishment or designation of a single State agency to administer or to supervise the administration of the plan, except that the determination of eligibility for medical assistance under the plan shall be made by the state or local agency administering the State plan approved under subchapter I or XVI of this chapter (insofar as it relates to the aged) if the State is eligible to participate in the State plan program established under subchapter XVI of this chapter....

Title 42 U.S.C. § 1396a(a)(5) (1983 & Supp. 1990).

In addition, *Rousseau* turned toward Title 42 U.S.C. section 1383c, which provides for the establishment of the 1634 Agreement between the State and the Secretary. The *Rousseau* court reasoned that "[s]ince the statute allows a State to contract away the powers to make disability determinations to the federal government, obviously, it assumes that the State has that authority in the first place." *Rousseau*, 624 F.Supp. at 359.[4]

*Rousseau* was rejected by the district court in *Fratone v. Division of Public Welfare of New Jersey Dept. of Human Service*, Civil Nos. 87–2569, 87–2570, slip. op. (D.N.J.1988). The *Fratone* court observed that the language in Title 42 U.S.C. section 1396a(a)(5), upon which *Rousseau* relied, is disjunctive. *Fratone*, slip. op. at 19. A state Medicaid plan may comply with the statute by following the first of the statute's clauses, which does not include the provision regarding determination of eligibility. *Id.* The *Fratone* court determined that the apparent purpose of the second clause is to "explain how the

responsibility for eligibility determinations depends on whether or not the state is eligible to participate in the State plan program established under Subchapter XVI of the Social Security Act." *Id.*

■ The interpretation presented by the *Fratone* court appears to be a reasonable reading of this nearly incomprehensible provision. This court is not able to agree that section 1396a(a)(5) "specifically" or "literally" directs that states make an independent determination of eligibility (as asserted by *Rousseau*). Also, the federal defendant conceded in its papers and at oral argument that the State has the authority to determine Medicaid *eligibility*, but argues that irrespective of that authority, at a minimum the applicant must meet the *disability* requirements of SSI in order to be eligible for Medicaid benefits. This court agrees.

Not only is the Secretary's interpretation a reasonable one, but it provides for a more coherent Social Security Act. When the federal agency already has determined disability *in favor* of the applicant, a state agency may not deny Medicaid. *See* 42 U.S.C. § 1396a(a)(10)(A)(i)(II) (1983 & Supp. 1990). The converse should hold true: when the SSA determines nondisability *against* the applicant, it should be binding for Medicaid purposes.

The Eighth Circuit's decision in *Armstrong*, 879 F.2d at 440 supports this court's holding. In *Armstrong*, the court deferred to the Secretary's pending regulations that "when the SSA has found an individual not disabled, that individual would not be eligible for SSI, and thus ... a state agency must adopt the SSA's disability determination for Medicaid purposes...." *Id.*

### IV.

■ In the *Rousseau*, *Fratone* and *Armstrong* decisions, the issue before the courts was whether an applicant who was denied SSI benefits was precluded from receiving Medicaid, or whether the State

---

4. However, a state's right to contract its disability determinations to the Secretary is limited to individuals that are eligible recipients under Title XVI or are receiving a state supplementary payment that is federally administered. *See* 20 C.F.R. § 416.2112 (1989).

must make an independent determination of eligibility irrespective of the federal agency's findings. Here, the issue is whether an applicant who has applied successfully for Medicaid, automatically becomes ineligible upon a subsequent federal agency finding of nondisability for SSI purposes. In *Perea v. Sullivan*, Civil No. 87–NC–0076, 1989 WL 168764 (N.D.Utah 1989), the Utah district court faced this issue squarely and determined that the Secretary's policy of automatic ineligibility produced an unreasonable result. *Perea*, slip. op. at 13–14. The *Perea* court was concerned that individuals who had been on Medicaid and subsequently were determined to be ineligible for SSI would lose their Medicaid benefits while they were appealing SSI determinations that frequently were reversed. *Id.* at 13. The court relied on statistics showing that "20–28% of applicants who were initially denied SSI benefits by SSA subsequently are granted such benefits, but have to pay for medical treatment themselves in the interim." *Id.*

The Secretary now takes the position that under the new regulations a Medicaid recipient who timely appeals an initial determination of nondisability by SSA may continue to receive benefits pending final administrative resolution of the appeal. *See* Secretary Sullivan's Letter to the Honorable Patrick Leahy, dated May 16, 1990. The Secretary maintains that this interpretation is fully responsive to the concerns regarding hardship and due process expressed by the plaintiffs, various members of Congress and the *Perea* court.

Like the court in *Perea*, this court is impressed with the plaintiffs' showing that Medicaid is cut off pending appeals that are lengthy and whose denials are reversed in a substantial percentage of instances. It is obvious that the interim delay can be catastrophic for many individuals. Although the Secretary's new policy assuages these concerns, the plaintiffs argue that the Secretary's interpretation is not consistent with the regulations and could be retracted if the Secretary had a "change of heart." This court is confident that it may

rely upon the Secretary to continue this reasonable and just policy.

In light of the foregoing, this court holds that the Secretary's interpretation is consistent with the statutory provisions. Judgment will be rendered accordingly.

IT IS SO ORDERED.