**Minnie M. SANDERS, SSN 225–32–3654, Plaintiff,**

**v.**

**Louis W. SULLIVAN, Secretary of Health and Human Services, Defendant.**

**Civ. A. No. 89–0172–B.**

United States District Court, W.D. Virginia, Big Stone Gap Division.

Feb. 11, 1991.

James Michael Shull, Gate City, Va., for plaintiff.

Ray B. Fitzgerald, Asst. U.S. Atty., Roanoke, Va., for defendant.

## MEMORANDUM OPINION

B. WAUGH CRIGLER, United States Magistrate Judge.

This action challenges a final decision of the Secretary which determined that a farm at Scott County, Virginia was a non-excludable resource with a market value of $19,000.00, and that, accordingly, plaintiff was not eligible for supplemental Social Security (disability) income benefits under the Social Security Act (Act), as amended, 42 U.S.C. § 1381 *et seq.*[1] The case has been transferred to this court pursuant to authority of 28 U.S.C. § 636(c)(2), the parties having consented to the exercise of dispositive jurisdiction by a United States Magistrate Judge.

There is no conflict in the evidence. Plaintiff clearly is disabled within the meaning of the Act, and it is on account of this disability that the action arose in the first instance. The evidence shows that plaintiff currently lives with her husband near Hiltons, Virginia. For a considerable number of years, and until about September or October of 1987, plaintiff and her husband lived on a 156 acre farm in Scott County which had been her husband's home since 1951. In 1987, plaintiff and her husband moved from the farm to Hiltons because of their health, as well as because the farm was isolated and inaccessible during certain times of the year. However, both still consider the farm their home and intend to return to it when, and if, their health improves.[2] While the bulk of the family furniture has been moved to Hiltons, there is some bedroom furniture remaining at the farm, a non-rent paying tenant lives on the premises, and plaintiff's husband returns regularly to tend his potato patch. Occasionally, the husband spends the night there. In addition, plaintiff and her husband have changed their voting registration to reflect the location of their current abode, though they maintain that such change was not voluntary, rather it was required by the voting authorities in their locale. The husband considers both

1. The record reveals that this action commenced on the administrative level as one seeking waiver of overpayment. (TR 22–24). The plaintiff appears to have conceded the fact of overpayment as well as the value of the subject property in the event it is determined that the resource here is non-excludable. Therefore, the Secretary vacated the first Law Judge's decision denying waiver of overpayment, and he recommitted the case for proceedings to determine whether the Scott County, Virginia farm was non-excludable under the Act and the Secretary's regulations. It is the Secretary's final decision on that question which is before the court.

2. The evidence demonstrates that there is little likelihood that plaintiff's health will improve.

the farm and his current dwelling his "home," but the record reveals that all mail is sent to and is presumably received by plaintiff and her husband received at the couple's Hilton's address.

The Secretary adopted a decision of a Law Judge who found that the farm was a non-excludable resource under 20 C.F.R. §§ 416.121(a) and 416.1212(b). The factual basis for the determination was that the farm no longer was used as plaintiff's principle place of residence. Plaintiff, by counsel, disagrees and suggests that but for virtually being compelled by their declining health to dwell in a location closer to civilization, they would still be living full-time on their more isolated acreage.

The court sympathizes with the plaintiff's plight, and it finds her argument pragmatically persuasive. However, it runs contrary to the extant regulatory law. Under the regulations, the validity of which are not challenged here, it would appear that when a claimant moves out of his/her residence, it becomes countable as a resource unless the claimant leaves to enter an institution *and* the spouse or some other dependent relative continues to live in the home. 20 C.F.R. § 416.1212(c). *Savage v. Toan*, 795 F.2d 643, 644–645 (8th Cir.1986).

Clearly, plaintiff moved off the farm, but she has not been institutionalized. Her spouse did not remain behind, and there is no evidence of any dependent living there still. Furthermore, plaintiff and her husband have changed their mailing address to Hiltons, and whether voluntarily or not, their voting registration also was moved to where they currently dwell. Nor can the farm any longer be considered plaintiff's principle place of residence even though there is an express intent to return to it. The record clearly demonstrates that all her time, and the majority of her husband's time, is spent in Hiltons rather than at the farm. 20 C.F.R. § 416.1212(a).

The court is not faced with evidence in this record that would demonstrate plaintiff's living arrangements were tantamount to or a reasonable substitution for, institutionalization. Likewise, the court cannot find evidence in the record that plaintiff's

husband or a dependent continues to reside on the farm or that the farm, in any way, functions as her principle place of residence. If such facts existed, a different case might have been made out. The point is, however, that there are no such facts.

Accordingly, it is the opinion of the court that the final decision of the Secretary is supported by substantial evidence. By separate order his final decision will be affirmed with judgment to the defendant, and the case will be dismissed from the docket of the court.