**DISABLED RIGHTS UNION,**
**Plaintiff–Appellee,**

v.

**Donna E. SHALALA, Secretary of Health and Human Services,\***
**Defendant–Appellant,**

**and**

**Kenneth Kizer; State of California, Defendants.**

**No. 92–56460.**

United States Court of Appeals, Ninth Circuit.

Argued and Submitted March 10, 1994.

Decided Nov. 18, 1994.

---

\* Donna E. Shalala is substituted for her predecessor, Louis W. Sullivan, as Secretary of Health and Human Services. Fed.R.App.P. 43(c)(1).

Joseph Stein, Dept. of Health & Human Services, San Francisco, CA, for defendant-appellant.

Elena H. Ackel, Los Angeles, CA, for plaintiff-appellee.

Before: WALLACE, Chief Judge; FARRIS and KLEINFELD, Circuit Judges.

KLEINFELD, Circuit Judge:

Federal disability determinations control state Medicaid. The district court enjoined a change in the notice which the Social Security Administration sends when it cuts off "supplementary security income" (SSI), the federal disability program. The Social Security Administration, in accord with its governing statute, uses a notice form which says that appeals must be within sixty days. The court required that the state give notice that appeals from the federal denial could be at the later of sixty days from the federal denial, or sixty days from when the State of California gave notice that Medi–Cal (the state Medicaid program) would be cut off. We cannot find a legal basis for this exten-

sion of the appeal time on federal disability denials, so we reverse.[1]

## FACTS

Medicaid (Medi–Cal in California) provides medical benefits to disabled people. "Supplemental security income" (SSI) is a federal program which pays social security benefits to disabled people. 42 U.S.C. § 1381. The State of California, not the federal government, administers Medi–Cal, although it receives federal funding and must follow federal regulations. The State cuts off Medicaid if the federal social security program determines that the individual is not "disabled."[2]

A person who loses a federal disability (SSI) case on the ground that he is not disabled generally has sixty days to appeal. The problem which gave rise to the injunction arose out of the appeals process. California must cut off Medicaid if a person does not appeal the federal determination that he is not disabled. But the person might not realize that his failure to file a federal appeal will have this effect. He might be willing to accept the loss of federal disability benefits, but want to contest loss of Medicaid.

This lawsuit began as a class action challenging the rule that a federal determination that a person is not disabled cuts off state Medicaid. That is not at issue now, and we have nothing to decide with regard to it. Only the government has appealed, and it has appealed only the part of the injunction apparently extending the time for appeal of the federal denial so that it runs from the later of the federal denial or the state denial of benefits. The injunction, in relevant part, says:

IT IS FURTHER ADJUDGED AND DECREED that the State of California shall send notices to all class members with pending cases, and those similarly situated in the future, who were or will be denied SSI benefits. Said notices shall clearly advise said Medi–Cal recipients that in order for them to continue to receive Medi–Cal benefits pursuant to 42 U.S.C. § 1396a(v), despite their SSI denial, they must appeal said SSI denial (past or current) now and at every administrative appeal level within 60 days of the initial or any subsequent SSI denial notice, *or within 60 days of the notice from the State advising them how to obtain continued benefits, whichever is later,* or must have good cause for a late filing. Further, that the recipient must appeal any subsequent SSI denial at any subsequent level of administrative appeal within 60 days of the denial notice *from the state, whichever is later* [sic], so advising them that they must timely appeal any SSI denial to retain their Medi–Cal benefits or must have good cause for their failure to file a timely appeal.

(Second Amended Declaratory Judgment and Injunction, August 31, 1992, emphasis added). The "whichever is later" language appears to make the 60 days run from the subsequent state notice, even though the appeal is from a federal denial of benefits. This appeal challenges nothing but the emphasized language. We conclude that the district court erred, and the error should be cured by striking the language we have emphasized.

## ANALYSIS

A person who applies for social security disability payments (SSI) can appeal a denial of benefits several times within the agency. At each stage the determination is final un-

1. The district court published its decision on other aspects of this case, not before us now, as *Disabled Rights Union v. Kizer,* 744 F.Supp. 221 (C.D.Cal.1990). We are not now reviewing any part of the published district court decision, because the injunction appealed from now is not part of it.

2. Here is the language of the governing federal statute, 42 U.S.C. § 1396a(v):

    **State agency determination of disability and blindness and provision of medical assistance prior to final determination by Administration**
    [(1)] A State plan may provide for the making of determinations of disability or blindness for the purpose of determining eligibility for medical assistance under the State plan by the single State agency or its designee, and make medical assistance available to individuals whom it finds to be blind or disabled and who are determined otherwise eligible for such assistance during the period of time prior to which a final determination of disability or blindness is made by the Social Security Administration with respect to such an individual. In making such determinations, the State must apply the definitions of disability and blindness found in section 1382(c) of this title.

less appealed within sixty days.[3] None of the relevant federal statutes or Social Security regulations make the time for appeal of the federal denial contingent on any action by a state agency giving Medicaid benefits to the individual. The statute providing for an appeal from the Social Security Administration to the district courts allows the Secretary of Health and Human Services to extend the time for appeal beyond sixty days. But the Secretary has not exercised her discretion to allow for an extension of time in the case where a person has not been advised that the federal disability determination will cut off state Medicaid. Yet the injunction issued by the district court does. We cannot find a basis for it.

■■■ The plaintiffs argue that the federal appeals period should be equitably tolled until the claimants are advised of the effect the federal determination will have on their state Medicaid. The doctrine is explained in *Bowen v. City of New York*, 476 U.S. 467, 106 S.Ct. 2022, 90 L.Ed.2d 462 (1986). Equitable tolling can apply to appeal deadlines "in the rare case." *Id.* at 481, 106 S.Ct. at 2031. It applied in *Bowen*, because the challenged wrong was secret—an unpublished policy within the Social Security Administration that denied the claimants their rights. The Supreme Court found that tolling "serves the purpose of the [Social Security] Act where ... 'the Government's secretive conduct prevents plaintiffs from knowing of a violation of rights....'" *Id.* (citation omitted).

■■■ *Bowen* applies one of the traditional exceptions to the maxim that "equity aids the vigilant." "Excusable ignorance on the part of the plaintiff of the facts on which his claim depends excuses his delay in suing to enforce the claim, particularly when his claim is based on the fraud of the defendant, or the defendant has actively concealed the facts from him." Henry L. McClintock, Principles of Equity 73 (1948). *Cf. Lee v. United States*, 809 F.2d 1406, 1410 (9th Cir.1987)

(statute of limitations not tolled), *cert. denied*, 484 U.S. 1041, 108 S.Ct. 772, 98 L.Ed.2d 859 (1988); *Wong v. Bowen*, 854 F.2d 630, 631 (2d Cir.1988) (equitable tolling allowed "only in those cases where the government has hindered a claimant's attempts to exercise her rights by acting in a misleading or clandestine way.").

■■■ In *Bowen*, the government's active concealment of its policy prevented the plaintiffs from knowing that their claims had been denied on an impermissible ground. In the case at bar, nothing was concealed. No plaintiffs claim to have lost their Medicaid because of excusable neglect; in fact, they concede in their brief that "[n]o class members have been terminated." The only regulations at issue are the published ones, giving disability claimants sixty days to appeal adverse determinations. Where the agency action "was not taken pursuant to a secret, internal policy, but under a regulation that was published for all to see," the deadline for an appeal is not equitably tolled. *Pittston Coal Group v. Sebben*, 488 U.S. 105, 123, 109 S.Ct. 414, 425, 102 L.Ed.2d 408 (1988). The doctrine of equitable tolling does not provide a basis for the district court's injunction.

■■■ The plaintiffs argue that the injunction is necessary to afford due process to Medicaid claimants. They claim that they will be denied procedural due process if their Medicaid is cut off without notice and an opportunity to be heard, and that this will happen if the Social Security denial does not warn them that they need to appeal it in order to protect their Medicaid eligibility. In a footnote in their brief, plaintiffs concede that the notices suffice for Social Security disability (SSI) denials; their argument is limited to the effect of the denials on state Medicaid. We assume for purposes of discussion, without deciding, that constitutionally protected property rights are at stake, so that both the Medicaid and social security denials are subject to due process protection.

---

**3.** *See* 20 C.F.R. §§ 416.1405, 416.1409 (initial determination that benefits must be suspended, reduced, or terminated binding unless reconsideration is requested within 60 days after the date notice of the determination is received); 20 C.F.R. §§ 416.1421, 416.1433 (reconsidered determination binding unless a hearing before an administrative law judge is requested within 60 days after the date notice of the redetermination

is received); 20 C.F.R. §§ 416.1455, 416.1468 (decision of the administrative law judge is binding unless a review of the decision by the Appeals Council is requested within 60 days after notice of the hearing decision); 20 C.F.R. § 416.1481 (action of the Appeals Council is binding unless an action is filed in federal district court within 60 days after the date notice of the Appeals Council's action is received).

■ The district court did not hold that the federal sixty day limit on appeals was unconstitutional, or that the regulations imposing the sixty day limits were not authorized by the statutes. The basis for the district court determination that an extended time should be allowed where Medicaid would be affected is not clear from the record. Assuming that the district court was applying the standard test for procedural due process, to assure that the regulation was construed to avoid a constitutional violation, the court was required to consider three factors in evaluating the due process claim: (1) the private interest affected by the government action; (2) the risk of an erroneous deprivation of that interest on account of the procedure used, and the probable value of additional procedural safeguards; and (3) the government's interest, including the fiscal and administrative burdens that such additional procedures would entail. *Mathews v. Eldridge,* 424 U.S. 319, 335, 96 S.Ct. 893, 903, 47 L.Ed.2d 18 (1976); *National Assoc. of Radiation Survivors v. Derwinski,* 994 F.2d 583, 588 (9th Cir.1992), *cert. denied,* —— U.S. ——, 114 S.Ct. 634, 126 L.Ed.2d 592 (1993). Assuming the district court applied this test, then the determination that there was a due process violation was an abuse of discretion. *Dexter v. Kirschner,* 984 F.2d 979, 982 (9th Cir.1992).

The plaintiffs' interests are of course substantial. If their Medicaid is cut off erroneously, they are significantly harmed. The risk of error, though, is not so plain as plaintiffs suggest. They argue that because the plaintiffs are disabled, they are less able than other people to protect themselves against administrative error. But the case arises only when the Social Security Administration has decided that they are *not* disabled. A person who *is* disabled has a strong financial interest in appealing an erroneous adverse Social Security determination, regardless of its effect on Medicaid. The many layers of Social Security review give reasonable opportunity for error correction, independently of whether the claimant concerns himself separately with Medicaid eligibility. Thus the first factor weighs in favor of the claimants, but the second does not.

The third factor weighs strongly in favor of the government. The burden of the injunction on the Social Security Administration would be considerable. Under the injunction, the Social Security appeal time would apparently not expire sixty days from the Social Security denial. The Social Security Administration could not close a file until it had checked with California Medicaid authorities to see if the person whose disability claim had been denied was receiving Medicaid. People could appeal their federal disability denials months or years later, so long as the state had not yet given notice that it was cutting off Medicaid. That is the apparent effect of the language in the injunction, "within 60 days of the denial notice from the state, whichever is later."

This would be a heavy burden on the federal agency, yet the federal agency does not control the state action which starts the time running. The federal sixty day appeal requirements do not deprive disability claimants of due process.

There may be a practical difficulty, as plaintiffs claim, for people who would like to appeal their Medicaid denials but not their Social Security disability denials. The injunction, without the challenged language, partially remedies that problem. It commands the state of California, also a defendant, to tell the claimants that Social Security disability denials will cut off their Medicaid, unless they appeal their Social Security denials. Here is the language:

> IT IS FURTHER ADJUDGED AND DECREED that the *State of California shall send notices* to all class members with pending cases, and those similarly situated in the future, who were or will be denied SSI benefits. *Said notices shall clearly advise said Medi–Cal recipients that in order for them to continue to receive Medi–Cal benefits* pursuant to 42 U.S.C. § 1396a(v), despite their SSI denial, *they must appeal said SSI denial* (past or current) now and at every administrative appeal level within 60 days of the initial or any subsequent SSI denial notice.... (empahsis added)

Plaintiffs' due process theory is that they will be deprived of precisely the notice which this part of the injunction assures that they will receive. They may have a concern that they will not be advised of the effect of a

Social Security disability denial on their Medicaid when the Social Security Administration issues its denial. The State of California, in its administrative discretion, may choose to program its computers to send out warnings to Medicaid recipients when California receives computer data from the Social Security Administration advising of disability denials.[4] This policy concern does not, however, rise to the level of a due process violation which justifies the challenged language in the injunction.

We conclude that the injunction, in its challenged part, was an abuse of discretion. Accordingly we REVERSE the challenged portion of the injunction, and REMAND for the limited purpose of striking the challenged language.

REVERSED and REMANDED.

---

**4.** The Social Security Administration informs the States about SSI eligibility and payment changes, including disability determinations, through a computer system. California receives this information electronically on a daily basis. *See* Declaration of Jack Gallagher.