# United States Court of Appeals

**FOR THE EIGHTH CIRCUIT**

_____

No. 97-1458

_____

| | |
|---|---|
| Daisy Manufacturing Company, Inc.; | * |
| | * |
| | * |
| Plaintiff | * |
| - Appellant, | * |
| | * |
| | * Appeal from the United |
| ABC, Inc., | * States |
| | * District Court for the |
| Intervenor | * Western District of |
| Below - Appellee, | * Arkansas |
| | * |
| v. | * |
| | * |
| Consumer Products Safety | * |
| Commission, Agency of the | * |
| Government of the United | * |
| States of America, | |
| | |
| Defendant - | |
| Appellee. | |

_____

Submitted: September 8, 1997
Filed: January 14, 1998

_____

Before HANSEN, JOHN R. GIBSON, and MORRIS SHEPPARD ARNOLD, Circuit Judges.

_____

JOHN R. GIBSON, Circuit Judge.

Daisy Manufacturing Company appeals the district court's[1] order denying Daisy's request to enjoin the Consumer Product Safety Commission from disclosing certain records pursuant to a Freedom of Information Act request. We affirm the district court's order denying injunctive relief.

During 1993, the Commission initiated an investigation into the Daisy 880 Powerline Air Rifle, pursuant to the Consumer Product Safety Act. See 15 U.S.C. § 2054(b) (1994). In 1996, the American Broadcasting Company filed a Freedom of Information Act request for records concerning the "methodology, scope, and conclusion" of the Commission's investigation of the Daisy 880 Air Rifle. Daisy objected to the release of the records, claiming they were exempt from disclosure under section 6 of the Product Safety Act. See 15 U.S.C. § 2055 (1994). After reviewing the requested records, the Commission denied ABC's Information Act request, and ABC appealed. The Commission then reexamined the documents and determined that the Information Act and the Product Safety Act required the Commission to release certain records from the investigation (primarily In-Depth Investigation Reports, consumer product complaints, and summaries of incident reports).

After exhausting its administrative appeals, Daisy filed a motion with the district court seeking a temporary restraining order and a permanent injunction to prohibit the Commission from releasing the documents.

---

[1]The Honorable H. Franklin Waters, Chief Judge for the United States District for the Western District of Arkansas.

The Commission stipulated that it would not release the documents until the district court ruled on the permanent injunction. The district court then granted the Commission an extension of time to reconsider which documents to release. The Commission reexamined the documents and, on two occasions, reduced the number of documents to be released before submitting the documents to the district court for _in camera_ review.

After reviewing the documents, the district court upheld the Commission's determination to release the records, concluding the Commission's determination was not arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with the law. Daisy appealed, and the district court stayed release of the documents pending a decision from this court.

We review de novo the district court's review of the Commission's decision to release the records. See Von Eye v. United States, 92 F.3d 681, 685 (8th Cir. 1996). The Commission's decision to release information compliance with an Information Act request is considered an informal adjudication. See Chrysler Corp. v. Brown, 441 U.S. 281, 287, 317-18 (1979). Judicial review of informal adjudications is pursuant to § 10(e) of the Administrative Procedure Act. Id. at 318; see Reliance Electric v. Consumer Product Safety Commission, 924 F.2d 274, 277 (D.C. Cir. 1991). We, like the district court, must uphold the Commission's determination to disclose the information unless it is "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law." See 5 U.S.C. § 706(2)(A) (1994). An arbitrary and capricious determination is one in which the:

> agency has relied on factors which Congress has not intended it to consider, entirely failed to consider an important aspect of the problem, offered an explanation for its decision that runs counter to the evidence before the agency, or is so implausible that it could not be ascribed to a difference in view or the product of agency expertise.

Motor Vehicle Mfr's. Ass'n.v. State Farm Mut. Auto Ins. Co., 463 U.S. 29, 43 (1983).

The Consumer Product Safety Act empowers the Commission to investigate the safety of consumer products and gives the Commission broad powers to gather, analyze, and disseminate vast amounts of private information. <u>See</u> 15 U.S.C. § 2054(b); <u>Consumer Product Safety Commission v. GTE Sylvania, Inc.</u>, 447 U.S. 102, 111 (1980). However, to protect manufacturers when the Commission plans to

disclose information in response to an Information Act request, section 6(b)(1) of the Product Safety Act requires the Commission to take reasonable steps to assure that such disclosure is "accurate" and "fair in the circumstances."  15 U.S.C. § 2055(b)(1).  Daisy argues that the Commission violated section 6(b)(1) because the Commission determined to disclose certain records without first taking reasonable steps to assure that the information in the documents is accurate and fair in the circumstances.

After reviewing the record, we conclude the Commission took reasonable steps to assure accuracy and fairness in disclosing the information.  The Commission conducted independent investigations to corroborate the disclosed information in each investigation report.  In addition, the Commission determined to release only those documents containing consumer complaints or incident reports that the Commission independently investigated or confirmed.  Furthermore, the Commission plans to release a written explanation accompanying the documents stating that it has not determined the cause of any of the reported incidents.  Also, if Daisy consents, the Commission plans to release Daisy's comments and objections to any of the documents at issue.  These steps are adequate to assure accuracy and fairness in the circumstances.

Daisy also argues that the Commission's decision to disclose the records violates section 6(b)(5) of the Product Safety Act.  Section 6(b)(5) restricts an agency from disclosing information reported to it by a manufacturer pursuant to section 15 (b) of the Product

Safety Act.  See 15 U.S.C. § 2055(b)(5).  Section 15(b) requires manufacturers with knowledge that their product fails to comply with an applicable consumer product safety rule or contains a hazardous defect to inform the Commission about the defect or risk.  15 U.S.C. § 2064 (b).

After reviewing the record, we conclude the Commission did not violate section 6(b) of the Product Safety Act.  On several occasions, the Commission carefully reviewed the documents to assure that it would not release any documents submitted by Daisy to the Commission pursuant to section 15(b).

Broad disclosure is the dominant objective of the Freedom of Information Act. See Miller v. USDA, 13 F.3d 260, 262 (8th Cir. 1993); United States Department of Justice v. Reporters Committee for Freedom of the Press, 489 U.S. 749, 772-73 (1989); 16 C.F.R. § 1015.1(b) (1997). In addition, exemptions must be narrowly construed. See Department of the Air Force v. Rose, 425 U.S. 352, 361 (1976). With these considerations, we conclude that the Commission's decision to disclose the documents was not arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with the law. We affirm the district court's denial of relief, and dissolve the district court's stay order barring release of the documents pending appeal.

A true copy.

Attest:

CLERK, U. S. COURT OF APPEALS, EIGHTH CIRCUIT.